Filed 11/30/22  In re Jesus C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re Jesus C., a Person Coming Under the Juvenile Court Law. | D080483 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS C.,<br><br>Defendant and Appellant. | (Super. Ct. No. J241436) |


APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Conditionally reversed with directions.

Mi Kim, under appointment by Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

Jesus C. appeals the juvenile court's order granting the People's request to transfer him from juvenile court to the court of criminal jurisdiction, following a transfer hearing pursuant to Welfare and Institutions Code[1] section 707.  Following the transfer hearing, the juvenile court issued a written decision finding that the People sustained their burden of showing "by a preponderance of the evidence" that Jesus C. should be transferred to a court of criminal jurisdiction.  Effective January 1, 2023, Assembly Bill No. 2361 (Assem. Bill No.2361) will amend section 707 to require a juvenile court transferring a minor to adult court to apply the higher standard of proof of clear and convincing evidence to the ultimate finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court.  Additionally, the new law requires the juvenile court to state in an order the reasons supporting the court's finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court.

Jesus C. and the People agree that the amendments to section 707 will apply retroactively to Jesus C. under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) and *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299.  Jesus C. argues the proper remedy is to vacate the transfer order and enter a new order denying transfer under Assem. Bill No. 2361, and because substantial evidence does not support a finding that Jesus C. is not amenable to rehabilitation while under the jurisdiction of the juvenile court, even under the lower preponderance of the evidence standard.  The People argue the proper remedy is to conditionally reverse the transfer order and remand the

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2

matter to the juvenile court with directions to conduct a new transfer hearing applying the new law. We agree with the People.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, the San Diego County District Attorney filed an amended petition charging Jesus C. with murder (Pen. Code, § 187, subd. (a); count 1), two counts of attempted murder (Pen. Code, §§ 664, 187, subd. (a); counts 2 and 3), and two counts of robbery (Pen. Code, § 211; counts 4 and 5). The People also alleged the following enhancements: Jesus C. committed these crimes to benefit a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)); Jesus C. was a principal who personally used a firearm, discharged it, and caused great bodily injury in the commission of counts 1 and 4 (Pen. Code, § 12022.53, subds. (b), (c),(d), & (e)(1)); Jesus C. was a principal who personally used and discharged a firearm in the commission of count 2 (Pen. Code, § 12022.53, subds. (b), (c), & (e)(1)); Jesus C. personally used a firearm, discharged it, and proximately caused great bodily injury in the commission of count 3 (Pen. Code, § 12022.53, subds. (b), (c), & (d)); and Jesus C. was a principal who personally used a firearm in the commission of count 5 (Pen. Code, § 12022.53, subds. (b), & (e)(1)).

Jesus C. was 17 years old at the time of his alleged offenses. The amended petition alleged that Jesus C. fell within the purview of section 707, subdivision (a)(1).

Following a transfer hearing, the juvenile court issued a written order on May 27, 2022, granting the People's motion to transfer Jesus C. from juvenile court to a court of criminal jurisdiction. In its order, the court stated "[t]he People have sustained their burden by a preponderance of the evidence. The court has considered the five criteria listed in Welfare and Institutions Code section 707, carefully weighed the options, and considered the totality of

3

the circumstances in this case. The court finds both the facts and the law compel a transfer to a court of criminal jurisdiction." On May 31, 2022, the court issued a formal order to transfer Jesus C. to criminal court jurisdiction. Jesus C. appealed from the May 31, 2022 transfer order.

## DISCUSSION

Jesus C. contends, and the People agree that Assem. Bill No. 2361's changes to section 707 will apply retroactively to Jesus C. Jesus C. argues the proper remedy is to vacate the transfer order and enter a new order denying transfer. The People argue the proper remedy is to conditionally reverse the transfer order and remand the matter to the juvenile court with directions to conduct a new transfer hearing applying the new law.

### A. Assem. Bill No. 2361

Effective January 1, 2023, Assem. Bill No. 2361 will amend section 707, subdivision (a)(3) to add the italicized language:

> "Following submission and consideration of the report, and of any other relevant evidence that the petitioner or the minor may wish to submit, the juvenile court shall decide whether the minor should be transferred to a court of criminal jurisdiction. In *order to find that the minor should be transferred to a court of criminal jurisdiction, the court shall find by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court. In* making its decision, the court shall consider the criteria specified in subparagraphs (A) to (E), inclusive. If the court orders a transfer of jurisdiction, the court shall recite the basis for its decision in an order entered upon the minutes, *which shall include the reasons supporting the court's finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court.* In any case in which a hearing has been noticed pursuant to this section, the court shall postpone the taking of a plea to the petition until the conclusion of the transfer hearing, and a plea that has been

4

entered already shall not constitute evidence at the hearing."

(Stats 2022, ch. 330, § 1, approved Sept. 15, 2022, eff. Jan. 1, 2023, italics added.)

   B. Assem. Bill No. 2361's Changes to Section 707 Apply Retroactively

   Jesus C. contends, and the People agree that Assem. Bill No. 2361's changes to section 707 will apply retroactively to Jesus C. We also agree.

   In *Estrada*, the California Supreme Court held that, absent evidence of a contrary legislative intent, an amendment to a statute that reduces the punishment for a crime applies retroactively to any case in which the judgment is not final before the amendment's operative date. (*Estrada, supra*, 63 Cal.2d at p. 742; see *Lara, supra*, 4 Cal.5th at pp. 306–308 [discussing *Estrada*].)

   In *Lara*, the California Supreme Court subsequently applied *Estrada*'s rationale to Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Proposition 57). Prior to Proposition 57, prosecutors were permitted, and sometimes required, to file charges against a juvenile directly in criminal court, where the juvenile would be treated as an adult. (*Lara, supra*, 4 Cal.5th at p. 305.) Proposition 57 prohibited prosecutors from charging juveniles with crimes directly in adult court and instead required that they commence the action in juvenile court then seek to transfer the matter to adult court. The juvenile court must then conduct a transfer hearing to determine whether the matter should remain in juvenile court or be transferred to adult court. (*Id.* at p. 303, citing section 707, subd. (a).) The *Lara* court reasoned that although Proposition 57 does not reduce the punishment for a crime, *Estrada*'s inference of retroactivity applies because "[t]he possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult

5

can result in dramatically different and more lenient treatment. Therefore, Proposition 57 reduces the possible punishment for a class of persons, namely juveniles." (*Lara, supra,* 4 Cal.5th at p. 303.) As such, *Lara* concluded that Proposition 57 "applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Id.* at p. 304.)

*Estrada*'s rationale similarly applies to Assem. Bill No. 2361. Prior to Assem. Bill No. 2361, the prosecution had the burden of establishing *by a preponderance of the evidence* that the minor was not suitable for rehabilitation under the juvenile court system. (*Kevin P. v. Superior Court* (2020) 57 Cal.App.5th 173, 186.) Assem. Bill No. 2361 instead requires *"clear and convincing evidence* that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court." (Stats 2022, ch. 330, § 1, approved Sept. 15, 2022, eff. Jan. 1, 2023.) While Assem. Bill No. 2361 does not reduce the punishment for a crime, it heightens the prosecution's burden of proof at a transfer hearing, thereby increasing the possibility of treatment in the juvenile court and reducing the possible punishment for juveniles. We therefore conclude Assem. Bill No. 2361's changes to section 707 should apply retroactively to juveniles transferred to adult court whose judgment is not yet final by the time the new law becomes effective on January 1, 2023.

Here, the parties concede Jesus C.'s judgment will not be final by the time Assem. Bill No. 2361 becomes effective. As such, Assem. Bill No. 2361's changes to section 707 apply retroactively to Jesus C.

### C. The Juvenile Court Must Conduct a New Transfer Hearing Consistent with Section 707 as Amended by Assem. Bill No. 2361

Jesus C. argues the proper remedy is to vacate the transfer order and enter a new order denying transfer under Assem. Bill No. 2361, and because substantial evidence does not support a finding that Jesus C. is not amenable to rehabilitation while under the jurisdiction of the juvenile court, even under

6

the lower preponderance of the evidence standard.  The People argue the proper remedy is to conditionally reverse the transfer order and remand the matter to the juvenile court with directions to conduct a new transfer hearing applying section 707 as amended by Assem. Bill No. 2361.  We agree with the People.

Section 707, subdivision (a)(3) as amended by Assem. Bill No. 2361 adds two requirements in order for a juvenile court to transfer a minor to a court of criminal jurisdiction:  (1) "the court shall find by clear and convincing evidence that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court," and (2) the court's order reciting the basis for its decision "shall include the reasons supporting the court's finding that the minor is not amenable to rehabilitation while under the jurisdiction of the juvenile court."

Here, as required by section 707, subdivision (a)(3) prior to Assem. Bill No. 2361, the juvenile court considered the five criteria specified in subparagraphs (A) to (E), and found that "[t]he People sustained their burden by a preponderance of the evidence," that Jesus C. should be transferred to a court of criminal jurisdiction.  The juvenile court's order does not show whether the People met their burden of establishing by *clear and convincing* evidence that Jesus C. is not amenable to rehabilitation while under the jurisdiction of the juvenile court.  As such, on remand, the juvenile court must conduct a new transfer hearing applying the standards under Assem. Bill No. 2361.

In *People v. Garcia* (2018) 30 Cal.App.5th 316, the Court of Appeal concluded that retroactive application of Proposition 57 required conditionally reversing the defendant's convictions from adult court and remanding for the juvenile court to conduct a transfer hearing in accordance

7

with Proposition 57. (*Id.* at p. 320.) The defendant in *Garcia* was transferred to adult court after receiving a fitness hearing under prior law, which the *Garcia* court explained had "key differences" from a Proposition 57 transfer hearing. Prior law applied a rebuttable presumption that the defendant was not fit for the juvenile court system. Proposition 57 removed that presumption and shifted the burden of proof to the prosecution. Additionally, under the prior law, the juvenile court could not retain jurisdiction unless it found the defendant fit for juvenile court under all five criteria that still exists under section 707, subdivision (a)(3)(A)-(E). Proposition 57 instead required the court to consider all five factors, but allowed the court broad discretion in how to weigh them. (*Garcia*, at pp. 324–325.)

Jesus C. contends Assem. Bill No. 2361's enhancing the prosecution's burden of proof at the transfer hearing is "incomparable" to Proposition 57's overhaul of the juvenile transfer law. Nonetheless, Jesus C. received a transfer hearing under standards different from those that will apply after Assem. Bill No. 2361 becomes effective. On remand, Jesus C. is entitled to a new transfer hearing applying the standards under Assem. Bill No. 2361.

Instead of remanding the matter for a new transfer hearing, Jesus C. urges this court to instead vacate the transfer order and enter a new order denying the transfer. He argues the prosecution presented no substantial evidence to support the juvenile court's finding that Jesus C. cannot be rehabilitated prior to the expiration of the juvenile court's jurisdiction, even under the lower preponderance of the evidence standard. He also argues the juvenile court limited its order to prosecution-favorable evidence. Because Assem. Bill No. 2361 will apply to Jesus C. retroactively on remand, we decline to express any opinion as to the propriety of the court's order issued under the law prior to Assem. Bill No. 2361, and we decline to make any

8

presumption as to how the prosecution or the court would proceed under the new standards and new requirements set forth in Assem. Bill No. 2361.

## DISPOSITION

The juvenile court's May 31, 2022 transfer order is conditionally reversed. The matter is remanded to the juvenile court with directions to conduct a new transfer hearing consistent with section 707 as amended by Assem. Bill No. 2361.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.

9